# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# NORTHERN DIVISION
# ASHLAND

Civil Action No. 19-62-HRW

STEVEN COX,
*Individually and as Next Friend of*
STEVEN COX, JR.,　　　　　　　　　　　　　　　　　　　PLAINTIFF,

v.　　　　　　　**MEMORANDUM OPINION AND ORDER**

GENERAL MOTORS, LLC,　　　　　　　　　　　　　　　DEFENDANT.

This matter is before the Court upon General Motors, LLC's Motion to Dismiss [Docket No. 5]. Plaintiff has responded to the motion [Docket No. 11]. For the reasons set forth herein, the Court will overrule the motion.

### I.

On June 4, 2018, Steven Cox was operating his 2006 Hummer H3 when it caught on fire. [Complaint, Docket No. 1-1, ¶ 6]. At the time of the fire, Cox's son was in the passenger seat of the vehicle. *Id.* Both Cox and his son sustained injuries. *Id.* at ¶ 19.

On June 4, 2019, Cox filed this lawsuit against General Motors, the manufacturer of the Hummer H3, alleging various theories of products liability. The case was originally filed in

1

Boyd Circuit Court and removed to this Court, pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446. [Docket Nos. 1 and 10].

Defendant General Motors seeks dismissal of all claims alleged against it herein pursuant to Fed.R.Civ.Proc. 12(b)(6).

## II.

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a complaint. Construing the complaint in a light most favorable to the plaintiff and assuming that the plaintiff's factual allegations are true, the court must determine whether the complaint states a valid claim for relief. *Mayer v. Mylod,* 988 F.2d 635, 638 (6th Cir.1993) (citing *Jenkins v. McKeithen,* 395 U.S. 411, 421-33, 89 S.Ct. 1843, 1848-49, 23 L.Ed.2d 404 (1969)).

A court may dismiss a claim pursuant to 12(b)(6) motion "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)).

## III.

In support of its motion, Defendant argues that Cox's claims are barred by the applicable statute of repose and, therefore, his Complaint fails to state a claim upon which relief can be granted.

The statute, entitled "Presumptions in product liability actions," provides:

> In any product liability action, it shall be presumed, until rebutted
> by a preponderance of the evidence to the contrary, that the subject

> product was not defective if the injury, death or property damage occurred either more than five (5) years after the date of sale to the first consumer or more than eight (8) years after the date of manufacture.

KRS § 411.310.

Defendant contends that the vehicle in questions was manufactured in 2006 and the alleged malfunction occurred more than the statutorily designated eight years after manufacture. Therefore, Defendant concludes that Cox's claims are barred and his Complaint must be dismissed, in its entirety, with prejudice.

Not so fast. The statute allows for a presumption as well as a **rebuttal** of that presumption. The statute clearly states that the presumption of "no defect" is rebuttable. This language was omitted by the Defendant in its motion.

Little guidance exists as to the proper use of the presumption embodied in KRS § 411.310. Scant case law focuses on jury instructions and prevailing standards of design. *See Smith v. Joy Technologies*, 828 F.3d 391 (6th Cir. 2016); *Miller v. Coty, Inc.*, 2018 WL 1440608 (W.D.KY. 2018). It would seem that the existence of a rebuttal is a foregone conclusion.

As the statute explicitly provides for a rebuttal, the Plaintiff is permitted to pursue it. In other words, according to the statute, Cox should have the opportunity to rebut the presumption that the Hummer H3 was not defective. Defendant's motion is premature.

## IV.

Defendant has not effectively proven that Plaintiff's Complaint runs afoul Rule 12(b)(6)Accordingly, **IT IS HEREBY ORDERED** that General Motors, LLC's Motion to Dismiss [Docket No. 5] be **OVERRULED**.

This 10th day of December 2019.

Signed By:
*Henry R. Wilhoit, Jr.*
**United States District Judge**